DECISION AND JOURNAL ENTRY
James D. Thomas appeals the decision of the Summit County Court of Common Pleas, dismissing his petition for post conviction relief. This court affirms.
 I.
On December 2, 1998, the Summit County grand jury indicted James Thomas for one count of felonious assault with a firearm specification, and one count of having a weapon under a disability with a firearm specification. These charges arose out of Thomas' alleged shooting of Sean Jeffreys on August 24, 1998. After Thomas' arrest, the trial court appointed counsel to represent him, but Thomas later secured his own counsel.
On February 8, 1999, the trial was scheduled to begin. However, pursuant to a plea agreement, Thomas pled guilty to aggravated assault, a lesser included offense of felonious assault. Thomas also pled guilty to the gun specification. The court dismissed the remaining count. On February 10, 1999, the trial court sentenced Thomas to a three year mandatory sentence on the firearm specification and to six months on the aggravated assault.[1] The two sentences were ordered to be served consecutively.
On February 12, 1999, with the assistance of new counsel, Thomas filed a motion to withdraw his guilty plea. This motion asserted that Thomas was not properly advised of the maximum sentence involved prior to entering his guilty plea, as required by Crim.R. 11(C)(2). Thomas argued that he was not aware that he would have to serve the three year term for the firearm specification prior to being eligible for parole. On April 1, 1999, the trial court denied the motion and Thomas filed an appeal to this court. This court dismissed the appeal as untimely filed.
On June 30, 1999, Thomas again moved the trial court to vacate or modify his sentence. In his motion, Thomas claimed that he was denied effective assistance of counsel because: (1) his trial counsel failed to file pretrial motions, (2) counsel failed to interview witnesses prior to trial, and (3) trial counsel urged Thomas to plead guilty because of expected incriminating testimony from a prosecution witness who in fact did not show up for trial. The trial court denied Thomas' motion.
On September 9, 1999, Thomas filed a motion for post-conviction relief and requested an evidentiary hearing. In his postconviction relief petition, Thomas asserted that: (1) the trial court lacked subject matter jurisdiction because there was no affidavit signed by the alleged victim, (2) trial counsel was ineffective because he did not conduct a pretrial investigation, (3) counsel was ineffective because he urged the guilty plea on the basis of expected incriminating eyewitness testimony which did not materialize, and (4) counsel was ineffective for failing to file a timely appeal. On September 14, 1999, the trial court denied the motion for postconviction relief without conducting an evidentiary hearing, stating "[s]aid petition was previously filed and previously denied."
Thomas filed the instant appeal, assigning two errors.
II.
 I. The trial court lack [sic] subject matter jurisdiction where there was a complaint filed with [sic] an affidavit by the victim.
 Thomas states that the trial court lacked subject matter jurisdiction, an issue that can never be waived. In support of the contention that the trial court lacked jurisdiction, Thomas cites to R.C. 2935.09, which provides for the filing of an affidavit prior to arrest. The statute reads:
 [I]n order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney.
R.C. 2935.09.
In the instant case, Detective Michael Shumaker signed the affidavit, a warrant was issued, and Thomas was arrested pursuant to the warrant. Thomas argues that because the victim himself did not sign the affidavit that formed the basis of the complaint the trial court had no jurisdiction to try the instant case. However, Thomas offers no argument why this court should not give effect to the plain language of the statute, which says that "a peace officer * * * shall file with the judge or clerk of a court of record * * * an affidavit charging the offense committed." R.C.2935.09. Nothing in the statute requires that the victim file the affidavit.
Thomas' first assignment of error is without merit and it is overruled.
III.
 II. Appellant was denied due process of law when he had ineffective assistance of counsel due to (1) lack of preparation by Counsel, (2) counsel coerced Appellant to plea bargain, and (3) Counsel did not perform his essential legal duties.
 The trial court denied Thomas' petition for postconviction relief without holding an evidentiary hearing. In denying Thomas' motion for postconviction relief, the trial court stated that "[s]aid petition was previously filed and previously denied."
The Ohio Supreme Court has held that
 [w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
 State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. This court has determined that a post-sentence motion to withdraw a guilty plea on the basis of denial of constitutional rights is actually a petition for post conviction relief. See State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported, at 3, citing Reynolds. As noted above, Thomas had twice previously filed post-sentence motions to withdraw his guilty plea and to vacate his sentence. The second such motion, filed after his appeal, asserted that Thomas had been denied effective assistance of counsel in violation of his constitutional rights. Thus, the trial court correctly observed that Thomas had previously filed a petition for postconviction relief in this case. In fact, Thomas' second such application to withdraw his guilty plea raises the identical issues addressed in Thomas' petition for postconviction relief and in his second assignment of error.
Second and subsequent petitions for postconviction relief are governed by R.C. 2953.23, which states:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.
Attached to Thomas' second motion to vacate his guilty plea were three affidavits, one signed by his mother, one signed by his brother Clifford Curry, and one signed by Thomas. All three affidavits essentially state that neither they nor defense counsel saw the prosecution's eyewitness in court on the first scheduled day of the trial, February 8, 1999. The three affiants concluded that defense counsel coerced Thomas to plead guilty despite the lack of an incriminating witness.
Even assuming that the information in the affidavits is accurate, this information was included in Thomas' June 30, 1999 motion to vacate his sentence on the basis of ineffective assistance of counsel. By the time the trial court reviewed his petition for post-conviction relief, filed on September 9, 1999, the trial court was reviewing this information for the second time. Therefore, Thomas did not make the threshold showing, required by R.C. 2953.23(A)(1)(a) for successive petitions for postconviction relief, that he was "unavoidably prevented from discovery of the facts upon which [he] must rely." Nor did Thomas assert a newly recognized state or federal right. Because Thomas had not made the threshold showing, the trial court was not permitted to entertain his successive motion for postconviction relief. Thus, the trial court appropriately denied his petition.
Thomas' second assignment of error is overruled.
Having overruled Thomas' assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT SLABY, J.
WHITMORE, J.
 CONCUR
[1] Thomas was also sentenced to six months for a parole violation.